Argued and submitted September 7, the accused suspended from the practice of law for a period of nine months, commencing 60 days from the date of filing of this decision October 26, 2000

In re Complaint as to the Conduct of

## SANDRA M. SAWYER,
*Accused.*

(OSB 96-127; SC S46356)

13 P3d 112

Jacob Tanzer, Portland, argued the cause and filed the briefs for the accused.

Jane E. Angus, Assistant Disciplinary Counsel, Lake Oswego, argued the cause for the Oregon State Bar. With her on the brief was Jeffrey M. Kilmer, Portland.

PER CURIAM

## PER CURIAM

The Oregon State Bar (Bar) charged the accused by formal complaint with violating Code of Professional Responsibility Disciplinary Rule (DR) 1-102(A)(3) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 7-104(A)(2) (prohibiting giving legal advice to unrepresented person whose interest was, or had a reasonable possibility of being, in conflict with lawyer's client); DR 5-105(C) (former-client conflict of interest); DR 5-105(E) (current-client conflict of interest); ORS 9.460(2) (lawyer shall "[e]mploy, for the purpose of maintaining the causes confided to the [lawyer], such means only as are consistent with truth"); and ORS 9.527(4) (court may disbar, suspend, or reprimand lawyer guilty of "willful deceit or misconduct in the legal profession").

A trial panel of the Disciplinary Board held that the accused's conduct violated DR 1-102(A)(3), DR 7-104(A)(2), DR 5-105(E), ORS 9.460(2), and ORS 9.527(4), but not DR 5-105(C). The trial panel recommended that the accused be suspended from the practice of law for nine months. Review by this court is automatic. ORS 9.536(2); Bar Rule of Procedure (BR) 10.1. We review *de novo*. ORS 9.536(3); BR 10.6.

We conclude that an exhaustive discussion of the facts relevant to the accused's suspension in this proceeding would not advance the interests of the bench or bar. The record establishes clearly and convincingly that the accused committed the misconduct alleged. As such, on *de novo* review, we adopt the trial panel's findings, with one exception discussed below. *See* BR 10.6 (on *de novo* review, court may adopt or modify decision of trial panel in whole or in part).

The trial panel found, and we agree, that the accused violated DR 5-105(E) when she represented multiple clients—Lewis Aytes (Aytes) and Janice and William Watson (collectively "the Watsons")—whose interests were in actual conflict. *See* DR 5-105(A)(1) (" 'actual conflict of interest' exists when the lawyer has a duty to contend for something on behalf of one client that the lawyer has a duty to oppose on

behalf of another client"). Contrary to the trial panel, however, we also find that, when the accused ceased to represent the Watsons but continued to represent Aytes in the same matter, she violated DR 5-105(C). That rule prohibits a lawyer who has represented a client in a matter from subsequently representing another client in the same matter when the interests of the current and former clients are in actual conflict. DR 5-105(D) provides an exception to DR 5-105(C), *viz.*, obtaining former and current client consent after full disclosure, but the accused did not seek the Watsons' consent to her continued representation of Aytes. Because the interests of her current (Aytes) and former (the Watsons) clients were in actual conflict, under DR 5-105(C), the accused was required either to obtain the Watsons' consent to her continued representation of Aytes or to withdraw from further representation of Aytes. By continuing the representation without the Watsons' consent, the accused violated DR 5-105(C).

Notwithstanding that additional violation, we agree with the trial panel's proposed sanction, and suspend the accused for nine months.

The accused is suspended from the practice of law for a period of nine months, commencing 60 days from the date of filing of this decision.